**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:20-80-1 |
| | ) | Judge Stephanie L. Haines |
| RONALD LEWIS III | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Defendant Ronald Lewis III's motion to reconsider [Doc. 111] this Court's order [Doc. 110] denying his previous motion to reconsider the detention order [Doc. 38] entered by Magistrate Judge Maureen P. Kelly. For the third time, Defendant asks for pretrial release. For the following reasons, Defendant's motion to reconsider detention order [Doc. 111] will be denied, and Defendant shall remain detained pending trial.

Defendant stands charged with conspiracy to distribute and to possess with intent to distribute 28 grams or more of crack cocaine and with possession of a firearm and ammunition by a convicted felon. Following a detention hearing, Judge Kelly entered a written order of detention pending trial [Doc. 38]. She found that Defendant failed to introduce sufficient evidence at the hearing to rebut the presumption in favor of detention set forth in § 3142(e)(3). Moreover, upon consideration of the factors set forth in § 3142(g), Judge Kelly found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or of the community if Defendant is released, and further found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required [*Id.*].

Defendant then moved this Court to reconsider Judge Kelly's detention order and grant him pretrial release because he "felt" he met his burden to rebut the statutory presumption of

1

detention set forth in § 3142(e)(3). Upon de novo review of the record, this Court found that Defendant failed to point to *any* evidence presented at the detention hearing, or any such evidence anywhere else in the record, that would be sufficient to rebut the presumption, nor had he proffered any new or additional evidence that might be sufficient to do so. Rather, this Court concluded that the evidence actually presented at the hearing, along with the information set forth in the pretrial services report, is more than sufficient to support the statutory presumption in favor of detention.

In addition, upon its own independent examination of the entire record, and balancing the factors set forth in 18 U.S.C. § 3142(g), this Court further found that the government established by clear and convincing evidence that Defendant is a danger to the community, and by a preponderance of the evidence that he is a flight risk. The Court thoroughly addressed each of those factors in its last order [Doc. 110 pp. 6-7] and need not reiterate its analysis here.

Defendant's motion to reconsider seems to suggest that the detention decision in this case was based solely on the presumption of detention set forth in § 3142(e)(3). This suggestion is belied by the record. Both Magistrate Judge Kelly and this Court, in addition to finding that Defendant had failed to present any evidence to rebut the presumption, also found, based on an evaluation of the factors set forth in § 3142(g), that no condition or combination of conditions reasonably will assure either the safety of the community or Defendant's appearance as required.

Nothing that Defendant presents in his pending motion alters either of these findings. Rather, Defendant merely asks the Court to reevaluate the evidence presented at the detention hearing, and the information set forth in the pretrial services report, and to reach a different conclusion. Indeed, the only information in favor of release set forth in the motion that the Court has not already considered is that Defendant has two potential third-party custodians pending approval by the Probation Office – his fiancé and her mother.

However, "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case." *United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at \*5 (W.D. Pa. Nov. 13, 2015). Here, even if the Court were to find that either Defendant's fiancé or her mother would make an appropriate third-party custodian, this fact would not serve to alleviate the danger he presents to the community for the myriad other reasons previously stated by Judge Kelly and this Court.

The fact that Defendant has identified two individuals willing to serve as third-party custodian does not mean that either of them, or anyone else, adequately could supervise a defendant who is charged with significant drug and firearms offenses, and who previously has committed offenses while under supervision. Significantly, Judge Kelly noted the "many, many times" Defendant previously incurred new charges while on supervision, which demonstrates to this Court that supervision does little to deter him from engaging in criminal activity.

Upon de novo review, this Court hereby reiterates its finding that Defendant has failed to rebut the statutory presumption in favor of detention established by § 3142(e)(3). Moreover, and *notwithstanding that presumption*, upon a second independent evaluation of the relevant factors set forth in the Bail Reform Act in light of the only new information set forth in Defendant's motion, for the reasons set forth in its prior order and those set forth herein, the Court again finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required.

Defendant now has made three unsuccessful attempts at release in this case and this Court will not entertain a fourth.   If he disagrees with the detention decision, his recourse at this point is an appeal to the United States Court of Appeals for the Third Circuit pursuant to 18 U.S.C. § 3145(c).

An appropriate order follows.

## **ORDER OF COURT**

AND NOW, this 20th day of November, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's motion to reconsider this court's prior order denying Defendant's motion to reconsider detention order and grant pretrial release [Doc. 111] hereby is **denied**.

Stephanie L. Haines
United States District Judge

cc/ecf:  All counsel of record

4